UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CODY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4140 |
| | ) | |
| MICHAEL GARCIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that prosecutors in his state court criminal case withheld exculpatory evidence. He sued the prosecution's "star witness," the special prosecutor, the State's Attorney, the Sheriff, and the jail administrator.

Prosecutors have absolute immunity for all actions taken in their capacities as prosecutors. If true, Plaintiff's allegations that prosecutors violated his Sixth Amendment rights necessarily implies the invalidity of his conviction, and any claims for money damages under 42 U.S.C. § 1983 would not accrue unless and until Plaintiff successfully challenged his conviction in a habeas corpus proceeding. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff also cannot sue individuals just because they may have been in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He may only recover from those individuals personally responsible for any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff cannot recover damages under § 1983 against non-state officials.

Plaintiff's allegations do not provide sufficient information for the Court to find that he states a claim. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation

and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motion to Compel and Preserve Evidence (Docs. 5, 13)

Plaintiff seeks a court order directing officials to turn over a cell phone, data contained therein, and other evidence to the U.S. Marshals and to require those officials to preserve this evidence. The Court does not have jurisdiction over the individuals in possession of the evidence, and, generally, officials have a duty to preserve evidence once notified that litigation is likely. Plaintiff's motions are denied.

### Plaintiff's Motions for Investigation (Docs. 9, 10)

Plaintiff asks the Court to order an investigation into Ninth Judicial Circuit: Court Services Department and to issue a warrant for data storage. The Court does not have authority to grant the relief Plaintiff seeks. Plaintiff's motions are denied.

### Plaintiff's Motion for Transfer (Doc. 10)

Plaintiff asks the Court to order his transfer to federal custody because he does not feel safe in state custody. He does not elaborate as to why he feels unsafe, and he has since been moved to a different facility. *See* (Doc. 17). Plaintiff's motion is denied.

### Plaintiff's Motion for Status (Doc. 14)

Plaintiff's motion for status is granted. This Order addresses all pending issues.

### Plaintiff's Motion (Doc. 16)

Plaintiff's motion appears to request that the Court facilitate his cooperation with federal officials on unspecified matters. If Plaintiff has information he believes should be given to law

enforcement officials, he should contact the appropriate agencies directly. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion [4] is DENIED with leave to renew.**

4) **Plaintiff's Motion [14] is GRANTED.**

5) **Plaintiff's Motions [5][9][10][11][13][16] are DENIED.**

Entered this 16th day of January, 2026.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE